IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| FRANKIE CARGLE, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:26-cv-01075-CDL |
| KEITH LONG, in his individual capacity, and the GEORGIA DEPARTMENT OF CORRECTIONS, a STATE OF GEORGIA agency, | * | |
| | * | |
| | * | |
| Defendants. | * | |

O R D E R

The Georgia Department of Corrections ("GDC") seeks dismissal of Plaintiff's claims. It argues that: (1) Plaintiff's 42 U.S.C. § 1983 claim fails because GDC is not covered by § 1983; and (2) Plaintiff's state law claim fails because the alleged negligent party was not a GDC employee, and thus his negligence cannot be imputed to GDC. For the reasons set forth below, the Court grants the motion to dismiss (ECF No. 6) as to the § 1983 and punitive damages claims but denies the motion as to the state law negligence claim.

FACTUAL ALLEGATIONS

Plaintiff alleges the following facts in support of his claims. The Court accepts these allegations as true for purposes of the pending motion.

On July 25, 2024, Plaintiff Frankie Cargle was incarcerated in the Harris County Correction Institution. Defendant Keith Long was transporting Cargle and other inmates in a van as part of a work detail. Long did not properly secure the door to the van, and then he intentionally drove the van in a manner that caused Cargle to fall out of the van while it was moving at approximately 50 miles per hour. Cargle suffered physical injuries due to the fall. Long saw that Cargle was ejected from the vehicle and took him to the hospital. After Cargle returned to the prison from the hospital, Long did not address Cargle's continued complaints regarding his medical needs.

Cargle brings claims under 42 U.S.C. § 1983 against Long and GDC for violations of his Eighth Amendment rights. Cargle also brings state law negligence claims against Long and GDC. He alleges that Long is a GDC employee and that GDC waived its state law sovereign immunity for his negligence claims under the Georgia Tort Claims Act ("GTCA"). In the alternative, Cargle asserts that if Long is a Harris County employee, he may pursue a state law claim against Long in his individual capacity. GDC moved to dismiss all Cargle's claims against it. Long did not move to dismiss any of the individual capacity § 1983 or state law claims against him, so those claims remain pending.

DISCUSSION

## I. Cargle's § 1983 Claim Against GDC

To state a claim under § 1983, a plaintiff must prove that "person," acting under color of state law, deprived them of a right secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Actions against "governmental entities that are considered 'arms of the state'"—such as GDC—are against the State. *Will*, 491 U.S. 58 at 70). Even if Long was employed by GDC and violated Cargle's constitutional rights, GDC cannot be held liable under § 1983 because it is not a "person" under § 1983. Therefore, the Court grants GDC's motion to dismiss the § 1983 claims against it, as well as the associated claim under 42 U.S.C. § 1988.[1]

## II. Cargle's State Law Claim Against GDC

GDC asserts that it has sovereign immunity from Cargle's state law damages claims because Cargle did not adequately allege that GDC waived that immunity. GDC, as a State of Georgia agency, retains sovereign immunity from liability unless that

[1] Even though this federal law § 1983 claim against GDC is dismissed, the Court retains supplemental jurisdiction over the state law claims against GDC in this action because Cargle's § 1983 claims against Long remain pending and his claims against GDC arise out of the same common nucleus of operative facts. *See* 28 U.S.C. § 1367.

immunity is waived or abrogated.[2] Ga. Const. art. I, § II, para. IX(e). Whether sovereign immunity applies "is a threshold determination." *McConnell v. Dep't of Labor*, 805 S.E.2d 79, 80 (Ga. 2017). The Georgia Tort Claims Act waives the State's sovereign immunity for certain claims, and it "constitutes the exclusive remedy for any tort committed by a state officer or employee." O.C.G.A. § 50-21-25(a). The GTCA allows actions against the State for "the torts of state officers and employees while acting within the scope of their official duties or employment," and imposes liability "in the same manner as a private individual or entity would be liable under like circumstances." O.C.G.A. § 50-21-23(a). Independent contractors are not covered by the statue. O.C.G.A. § 50-21-22(7). An individual is an employee of the State where the State entity "assumed the right to control the time, manner and method of operating . . . the work detail," or the individual is a "borrowed servant" of the state. *Ga. Dep't of Corr. v. James*, 718 S.E.2d 55, 60 (Ga. Ct. App. 2011), *overruled on other grounds by Rivera v. Washington*, 784 S.E.2d 775, 780-81 n.7 (Ga. 2016).

Cargle alleges that Keith Long is a GDC employee and, therefore, GDC is liable for Long's negligence under the GTCA.

[2] GDC's consent to removal of this action to federal court does not constitute a waiver of its sovereign immunity. *See Stroud v. McIntosh*, 722 F.3d 1294, 1302 (11th Cir. 2013) ("[I]mmunity from federal court does not address other aspects of sovereign immunity, including a state's immunity from liability.").

GDC argues that Long is not an employee of GDC, so the GTCA does not apply and GDC has not waived sovereign immunity as to Cargle's claims. To support this argument, GDC relies on the affidavit of its assistant general counsel, who stated that Long was an employee of Harris County and an independent contractor of GDC under the terms of a contract between Harris County and GDC; the actual contract is not in the present record. Swain Aff. ¶¶ 2, 5-8, ECF No. 6-2. Cargle presented evidence that prison personnel completed a GDC incident report form (not a Harris County form) regarding Cargle's injuries and listed Long as the reporting official, and he contends that additional discovery is needed to determine whether Long was acting as a GDC employee at the time of the events giving rise to this case. Under the circumstances presented here, the Court finds that Cargle is entitled to discovery to determine whether Long was acting as a GDC employee or borrowed servant. Accordingly, the Court denies GDC's motion to dismiss the state law claims based on sovereign immunity.[3] Following limited discovery on the issue of Long's employment status, GDC may file a renewed motion to dismiss the state law claims based on sovereign immunity.

Notwithstanding this decision, the Court finds that Cargle's punitive damages claim against GDC must be dismissed. Even if

[3] To the extent that GDC moves to dismiss for failure to state a claim, the Court denies the motion because the facts in Cargle's complaint, taken as true, plausibly state a negligence claim under the GTCA.

Cargle may pursue state law damages claims against GDC, he may not be awarded punitive damages against GDC. The GTCA provides that "no award for damages under this article shall include punitive or exemplary damages or interest prior to judgment." O.C.G.A. § 50-21-30. Accordingly, the Court dismisses Cargle's punitive damages claim against GDC.

CONCLUSION

For the reasons explained above, the Court grants in part and denies in part GDC's motion to dismiss (ECF No. 6). The Court grants GDC's motion to dismiss the § 1983 claims against it, as well as Cargle's claim for punitive damages against GDC. The Court denies GDC's motion to dismiss Cargle's state law negligence claims against it. Within fourteen days of today's order, counsel for the parties shall confer to determine whether an amended scheduling order should be entered in light of today's ruling. If the parties determine that an amendment to the scheduling order is warranted, they should file a joint motion to amend the scheduling order, accompanied by a proposed amended scheduling order, within twenty-one days of today's order.

IT IS SO ORDERED, this 3rd day of November, 2026.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE